**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND,** | ) | |
| **LABORERS' WELFARE FUND OF THE** | ) | |
| **HEALTH AND WELFARE DEPARTMENT** | ) | |
| **OF THE CONSTRUCTION AND GENERAL** | ) | |
| **LABORERS' DISTRICT COUNCIL OF** | ) | |
| **CHICAGO AND VICINITY, THE CHICAGO** | ) | |
| **LABORERS' DISTRICT COUNCIL RETIREE** | ) | |
| **HEALTH AND WELFARE FUND,** | ) | |
| **CATHERINE WENSKUS, not individually but** | ) | |
| **as Administrator of the Funds,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Judge** |
| **v.** | ) | |
| | ) | **Case No. : 19 C 6320** |
| **CAMDEN SERVICES, LLC, an Illinois** | ) | |
| **limited liability corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity,

the Chicago Laborers' District Council Retiree Health and Welfare Fund and Catherine

Wenskus, not individually but as Administrator of the Funds, (collectively the "Funds"), by their

attorneys Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, Katherine C.V. Mosenson, and

Sara Schuman, for their Complaint against Camden Services, LLC, state:

### COUNT I

### (Failure to Submit Benefit Contributions)

1.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, and 29 U.S.C. §185(a), 28 U.S.C. §1331.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.      Plaintiff Catherine Wenskus ("Wenskus") is the Assistant Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Camden Services, LLC (hereinafter collectively referred to as "Camden" or the "Company") is an Illinois limited liability corporation and at all times relevant did business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). At all times relevant herein, the Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017 (A true and accurate copy of the Independent Construction Industry Collective Bargaining Agreement signed by the Company which adopts and incorporates the various area-wide collective bargaining agreements and the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A).

7. The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

3

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.  The Company is obligated to pay between 10% liquidated damages on late-paid contributions, 20% liquidated damages on late-paid, Pension, Welfare, Retiree Welfare and Training Fund contributions, plus interest at a rate of 12% from the date the contributions were due until the contributions are paid.

9.      The Agreement and the Funds' respective Agreements and Declarations of Trust requires the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to submit benefit reports and contributions for the period of July 2017 forward, thereby depriving the Pension Fund, Welfare Fund, Retiree Welfare Fund, Training Fund, and related Funds  of information and income necessary to administer the Fund.

12.     The Company's actions in failing to submit timely payment of benefit contributions reports violates Section 515 of ERISA, 29 U.S.C. §1145.

4

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant Camden Services, LLC as follows:

a. ordering the Company to submit and pay benefit reports for the period of July 2017 forward;

b. ordering the Company to submit its books and records to an audit for the period of July 1, 2017 forward;

c. entering judgment in favor of Plaintiffs and against the Company for all amounts due including contributions, liquidated damages, interest, audit costs and Plaintiffs' attorneys' fees and costs and awarding any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit Benefit Contributions)

13. Plaintiffs reallege paragraphs 1 through 12.

14. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

15. Notwithstanding the obligations under the Agreement, the Company has failed to submit and pay dues reports for the period of July 2017 through December 2017, January 2019 and April 2019 forward, thereby depriving the Union of income and information necessary to enforce the Agreement.

5

16.     Under the terms of the Agreement the Company is liable for the unpaid dues, liquidated damages, audit costs, and Plaintiffs' attorneys' fees and costs incurred in collecting the amounts due.

WHEREFORE, Plaintiffs respectfully request that the Court:

a.      order Camden Services, LLC to submit and pay all outstanding dues reports for the period of July 2017 forward;

b.      order the Company to submit its books and records to an audit for the period of July 1, 2017 forward;

c.      enter judgment in favor of Plaintiffs and against the Company for all amounts due and owing including dues, liquidated damages, audit costs, and attorneys' fees and costs; and

d.       award Plaintiffs any further legal and equitable relief as the Court deems appropriate

## COUNT III

### (Failure To Submit Benefit Contributions)

17.     Plaintiffs reallege paragraphs 1 through 15.

16.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)      failed to submit $86,070.32 in benefit contributions due to the Laborers' Pension Fund for the audit period of June 24, 2016 through June 30, 2017 (a true and accurate copy of the

audit is attached hereto as Exhibit B), thereby depriving the Pension Fund of information and income necessary to administer the Fund;

(b)      failed to submit $74,223.08 in benefit contributions due to the Laborers' Welfare Funds of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the audit period of June 24, 2016 through June 30, 2017, thereby depriving the Welfare Fund of information and income necessary to administer the Fund;

(c)      failed to submit $31,615.14 in benefit contributions due to the Chicago Laborers' District Council Retiree Health and Welfare Fund for the audit period of June 24, 2016 through June 30, 2017, thereby depriving the Retiree Welfare Fund of information and income necessary to administer the Fund;

(d)      failed to submit $3,718.26 in benefit contributions due to the Training Fund for the audit period of June 24, 2016 through June 30, 2017, thereby depriving the Training Fund of information and income necessary to administer the Fund;

(e)      failed to submit $1,264.22 in benefit contributions due to the LDCLMCC Fund for the audit period of June 24, 2016 through June 30, 2017, thereby depriving the LDCLMCC Fund of information and income necessary to administer the Fund;

(f)      failed to submit $520.56 in benefit contributions due to the LECET Fund for the audit period of June 24, 2016 through June 30, 2017, thereby depriving the LECET Fund of information and income necessary to administer the Fund; and

(g)      failed to submit $594.92 in benefit contributions due to the CAICA Fund for the audit period of June 24, 2016 through June 30, 2017, thereby depriving the CAICA Fund of information and income necessary to administer the Fund.

17.     Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company owes $39,363.33 in liquidated damages, $1,383.67 in audit costs, plus interest pursuant to the findings on the audit for the period of June 24, 2016 through June 30, 2017.

18.     The Company's actions in failing to submit payment of benefit contributions violates Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant Camden Services, LLC Construction, Corp. as follows:

a.      entering judgment in favor of the Funds and against Defendant in the amount of due on the audit for the period of June 24, 2016 through June 30, 2017 including benefit contributions, liquidated damages, interest, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure To Submit Dues)

19.     Plaintiffs reallege paragraphs 1 through 18.

20.     Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit payment of $1,876.79 in dues on the audit for the period of June 24, 2016 through June 30, 2017, plus $187.68 in liquidated damages.

8

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Camden Services, LLC:

      a.   entering judgment in favor of Plaintiffs and against the Company for $1,876.79 in dues on the audit for the period of June 24, 2016 through June 30, 2017 and $187.68 in liquidated damages, plus audit costs and Plaintiffs' reasonable attorneys' fees and expenses; and

      b.   awarding Plaintiffs any additional legal and equitable relief as the Court deems appropriate.

September 23, 2019                   Laborers' Pension Fund, et al.

                                   By:  /s/ Patrick T. Wallace

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540

9



# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY
### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between _Cowden Services LLC_ ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. Recognition. In response to the Union's request for recognition as the majority or Section 9(a) representative of the unit employees, the Employer recognizes the Union as the sole and exclusive collective bargaining representative under Section 9(a) of the NLRA, as amended, for the employees now and hereinafter employed under the terms of this Agreement with respect to wages, hours and other terms and conditions of employment. This recognition is based on the Union's having shown, or having offered to show, evidence of its majority support. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association without written approval from the Union. Notwithstanding the number of persons employed under this Agreement, the Employer shall abide by this Agreement, and all extensions hereof, and it waives any right it may have to terminate this agreement based upon the number of persons employed.

2. Labor Contract. The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Midwest Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. Total economic increase. The Employer shall pay its employees a total economic increase of $1.90 per hour effective June 1, 2013; $2.00 per hour effective June 1, 2014; $2.05 per hour effective June 1, 2015; and $2.10 per hour effective June 1, 2016, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2013, the minimum wage rate shall be $37.00 per hour

4. Checkoff Deductions and Remittances. The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in such amounts as the Union shall from time to time establish, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made. If the Employer fails to timely remit any amounts to the Union or its affiliated fringe benefit funds that are required under this Agreement, it shall be obligated to the Union for all costs of collection, including attorney fees.

The Employer shall further deduct an amount designated by the Union for each hour that an employee receives wages under the terms of this Agreement on the basis of individually signed voluntary authorized deduction forms and shall pay over the amount so deducted to the Laborers' Political League ("LPL") or to a designated appointee, not later than the 10th day of the month next following the month for which such deductions were made. LPL remittances shall include a report of the hours worked by each Laborer for whom deductions are made. Remittances shall be made by a separate check payable to the Laborers' Political League. The Employer shall be paid a processing fee each month from the total amount so transmitted to the LPL to be calculated at the Illinois Department of Revenue or other applicable standard.

5. Work Jurisdiction. This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments are required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. Subcontracting. The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. The Employer shall further assume the obligations of all tiers of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. Fringe Benefits. The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. Contract Enforcement. All grievances filed by either party arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. Successors. In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. Termination. This Agreement shall remain in full force and effect from June 1, 2013 (unless dated differently below) through May 31, 2017, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such timely and proper notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of this newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. Execution. The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept facsimile signatures on this Agreement as if they were the original signatures.

Dated: _11/1_ ,20_13_

**ACCEPTED:**
Laborers' Local Union No. _118_

By _Al Mone Hettu_

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _James P. Connolly, Business Manager_

By: _Charles LoVerde, Secretary-Treasurer_

For Office Use Only: _CAJCA*_

_Cowden Services LLC_

FEIN No.: ____

By: _Mr. Mark Si eeran_
(Print Name and Title)

_(Signature)_

_1743 S 51st Ave_
(Address)

_Cicero Ill. 60463_
(City, State and Zip Code)

_(Telephone/Telefax)_

_(Email Address)_

NOV 1 1 2013
BY: ____

Effective June 1, 2013       WHITE - LOCAL UNION    •    CANARY - TRUST FUND    •    PINK - DISTRICT COUNCIL    •    GOLD - EMPLOYER

**EXHIBIT A**

**LABORERS' PENSION & WELFARE FUNDS**

9/22/17

| | | FIELD REP | JF |
|---|---|---|---|
| AUDIT | 6-24-16 - 6-30-17 | | |
| EMPLOYER | CAMDEN SERVICES, LLC | CODE | 35392 |

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CAICA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **ADDITIONAL HOURS** | | | | | | | | | | | | | | | | | |
| 6-24-16 - 5-30-17 | 7,368.75 | 73,540.13 | 9.98 | 31,317.20 | 4.25 | 85,256.45 | 11.57 | 3,684.38 | 0.50 | 1,805.54 | 1,252.70 | 0.17 | 589.50 | 0.08 | 515.82 | 0.07 | 197,961.72 |
| 6-24-16 - 5-30-17 | 27.75 | 276.95 | 9.98 | 117.94 | 4.25 | 321.07 | 11.57 | 13.88 | 0.50 | 18.75 | 4.72 | 0.17 | 2.22 | 0.08 | 1.94 | 0.07 | 757.47 |
| 6-1-17 - 6-30-17 | 40.00 | 406.00 | 10.15 | 180.00 | 4.50 | 492.80 | 12.32 | 20.00 | 0.50 | 52.50 | 6.80 | 0.17 | 3.20 | 0.08 | 2.80 | 0.07 | 1,164.10 |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| **MEN NOT REPORTED** | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| **SUBTOTAL** | 7,436.50 | 74,223.08 | | 31,615.14 | | 86,070.32 | | 3,718.26 | | 1,876.79 | 1,264.22 | | 594.92 | | 520.56 | | 199,883.29 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | 187.68 | 126.42 | | 59.49 | | 52.06 | | 425.65 |
| 20% LIQUIDATED DAMAGES | | 14,844.62 | | 6,323.03 | | 17,214.06 | | 743.65 | | | | | | | | | 39,125.36 |
| AUDIT COSTS | | 470.45 | | 456.61 | | 456.61 | | | | | | | | | | | 1,383.67 |
| ATTORNEY FEES | | - | | - | | - | | | | | | | | | | | - |
| ACCUM. LIQUIDATED DAMAGES | | | | | | | | | | | | | | | | | - |
| ACCUM. INTEREST | | 4,760.53 | | 2,027.44 | | 5,519.47 | | 238.50 | | | 81.09 | | 38.16 | | 33.39 | | 12,698.58 |
| **TOTAL DUE** | | 94,298.68 | | 40,422.22 | | 109,260.46 | | 4,700.41 | | 2,064.47 | 1,471.73 | | 692.57 | | 606.01 | | 253,516.55 |

# EXHIBIT B

Camden Services, LLC
9742 S. 51st Ave.
Oak Forest, IL 60453

Employer Number:35392

June 24, 2016 - June 30, 2017

No SSN Report

1



# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

To the Administrator of
Pension and Welfare Funds of Construction and General
   Laborers' District Council of Chicago and Vicinity

Re:   Camden Services LLC
      Reporting Period: June 24, 2016 to June 30, 2017

We were engaged by the Board(s) of Trustees of the Pension and Welfare Funds of Construction and General
Laborers' District Council of Chicago and Vicinity, (the Funds) to assist you in determining whether
contributions to the Funds were made in accordance with the Collective Bargaining and Trust Agreements
during the above referenced reporting period.

The management of Camden Services LLC is responsible for making contributions in accordance with the
requirements of the Collective Bargaining and Trust Agreements.

This engagement was performed in accordance with Statements on Standards for Consulting Services issued by
the American Institute of Certified Public Accountants. We were not engaged to, and did not, conduct an audit,
the objective of which would be the expression of an opinion. Accordingly, we do not express such an opinion.
Had we performed additional procedures, other matters might have come to our attention that would have been
reported to you.

Our procedures and findings are included in the attached schedules.

The findings of this report should not be construed as an endorsement or ratification of any of the Employer's
contribution practices. The findings are based solely on those documents that the Employer provided to us. We
have not been retained to provide, and do not provide, any interpretation or advice concerning any terms of the
collective bargaining agreement between the Employer and the Union or the terms of the Funds' respective
Agreement and Declarations of Trust. All questions concerning the Employer's contribution practices, or any
contributions or benefits-related issue, should be directed to the Union or the Fund office. No failure to note an
exception to any of the employer's contribution practices should be construed as a ratification of such practice
or waiver of the Union or the Funds' ability to challenge such practice in the future.

This report is intended solely for the information and use of the Trustees and Administrator of the Pension and
Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, and is not
intended to be and should not be used by anyone other than these specified parties.

*Legacy Professionals LLP*

Chicago, Illinois

September 18, 2017

**LEGACY PROFESSIONALS, LLP**
**COMPLIANCE AUDIT INFORMATION SHEET**

| | | | |
|---|---|---|---|
| EMPLOYER NAME | Camden Services, LLC | EMPLOYER # | 35392 |
| ADDRESS | 9742 S. 51st Ave. | PHONE # | (708) 424-8459 |
| CITY/STATE/ZIP | Oak Forest, IL 60453 | FEIN # | |
| DATE OF CONTACT | July 5, 2017 | AUDIT PERIOD | June 24, 2016 - June 30, 2017 |
| CONTACT'S NAME | Erin Vladika | TITLE | Bookkeeper |
| PERSON FUND IS TO CONTACT | SAME AS ABOVE | TITLE | SAME AS ABOVE |
| ENTITY TYPE | CORPORATION | FIELD REPRESENTATIVE | Jim Fosco |
| MAIN BUSINESS ACTIVITY | Construction - Sewer & Water | | |

AVERAGE NUMBER OF EMPLOYEES: 2

AVERAGE NUMBER OF CHICAGO LABORERS: 1

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| Ita Sheeran | President | 100% | 9742. 51st Ave, Oak Lawn, IL 60453 |
| | | | |

BANKING FACILITIES USED AND ACCOUNT NUMBER:

DOES EMPLOYER HAVE INTEREST IN OTHER OPERATIONS ?       ☑ YES       ☐ NO

IF YES, LIST NAME OF SAME       Bridges Excavating, owned by John Bridges, the husband of Ita Sheeran.

IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION?       ☐ YES       ☑ NO

IF YES, LIST NAME OF SAME

3

AUDIT DATE                    August 2, 2017

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS):                    15347 S Cicero

                                                                     Oak Forest, IL 60452


ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF:    Time cards are not kept. Hours are called in.

Transfers to bank account number XXXX were noted, but statements for this account were not provided.


BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY:                Hours for one previously reported Laborer were not reported

in January 2017. One unreported employee identified by the employer as a Laborer (Carlos Garcia) has been included in findings.

A number of disbursement payments and transfers have been included in findings.


DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO

THE ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

                                                        ☑ YES              ☐ NO

IF YES, EXPLAIN:          Per Erin Vladika, the company does not have a bond. Bank account          'oted above,

was identified by the employer as belonging to Bridges Excavating, a non-signatory company the employer said is owned by John

Bridges, the husband of Camden Services owner Ita Sheeran.


Our contact, Erin Vladika, had a domain name of bridgesexcavatinginc.com in her e-mail address.


Camden's bank statements were addressed to John M Bridges.


AUDITOR:                    Eric Trout

## Laborers' District Council
### Reconciliation of Differences Per Year

| Fiscal Year Ending | 5-31-2013 | 5-31-2014 | 5-31-2015 | 5-31-2016 | 5-31-2017 | 5-31-2018 | Total Due |
|---|---|---|---|---|---|---|---|
| Fringe Hours Not Reported | - | - | - | - | 7,396.50 | 40.00 | 7,436.50 |
| Dues Hours Not Reported | - | - | - | - | 7,396.50 | 40.00 | 7,436.50 |
| Dues Wages Not Reported | - | - | - | - | 48,647.80 | 1,400.00 | 50,047.80 |
| **Dollar Amount Due** | | | | | | | |
| Welfare (Active) | - | - | - | - | 73,817.08 | 406.00 | 74,223.08 |
| Welfare (Retiree) | - | - | - | - | 31,435.14 | 180.00 | 31,615.14 |
| Pension | - | - | - | - | 85,577.52 | 492.80 | 86,070.32 |
| Training | - | - | - | - | 3,698.26 | 20.00 | 3,718.26 |
| LECET | - | - | - | - | 517.76 | 2.80 | 520.56 |
| LDCLMCC | - | - | - | - | 1,257.42 | 6.80 | 1,264.22 |
| CAICA | - | - | - | - | 591.72 | 3.20 | 594.92 |
| Working Dues | - | - | - | - | 1,824.29 | 52.50 | 1,876.79 |
| **Total** | $ - | $ - | $ - | $ - | $ 198,719.19 | $ 1,164.10 | $ 199,883.29 |

| | |
|---|---|
| Plus previous late charges assessed by Laborers' Pension and Welfare Funds | $ - |
| Plus previous underpayments incurred to Laborers' District Council Funds | $ - |
| Plus previous penalties incurred to Laborers' District Council Funds | $ - |
| Audit Fee | $ 1,383.67 |
| Total Amount Due | $ 201,266.96 |

| | | | |
|---|---|---|---|
| Employer Name: | Camden Services, LLC | Person Contacted: | Erin Vladika |
| Employer #: | 35392 | Date of Contact: | July 5, 2017 |
| Date of Audit: | August 2, 2017 | Telephone: | (708) 424-8459 |
| Audit Period: | June 24, 2016 - June 30, 2017 | Auditor: | Eric Trout |

## Laborers' District Council
### Schedule of Deficiencies

Employer Name: Camden Services, LLC
Employer Number: 35392
Agreement Type: *CAICA

Audit Period: June 24, 2016 - June 30, 2017
Date of Audit: August 2, 2017
Field Auditor: Eric Trout

| SSN | Name | | Jun | Jul | Aug | Sep (2016) | Oct | Nov | Dec | Jan | Feb | Mar (2017) | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Bridges Excavating (Disb. Payment) | Fringe Hours | | | | | | | | | 3,555.75 | | | | 3,555.75 |
| | | Dues Hours | | | | | | | | | 3,555.75 | | | | 3,555.75 |
| | | Dues Wages | | | | | | | | | | | | | - |
| | Cash (Disb. Payment) | Fringe Hours | | | | | | | | | 1,666.75 | | | | 1,666.75 |
| | | Dues Hours | | | | | | | | | 1,666.75 | | | | 1,666.75 |
| | | Dues Wages | | | | | | | | | 30,000.00 | | | | 30,000.00 |
| | Coren (Disb. Payment) | Fringe Hours | | | | | | | 305.50 | | | | | | 305.50 |
| | | Dues Hours | | | | | | | 305.50 | | | | | | 305.50 |
| | | Dues Wages | | | | | | | | | | | | | - |
| | Fischer, Eric (Disb. Payment) | Fringe Hours | | | | | | | | | | 87.50 | | | 87.50 |
| | | Dues Hours | | | | | | | | | | 87.50 | | | 87.50 |
| | | Dues Wages | | | | | | | | | | 1,575.00 | | | 1,575.00 |
| | Gruszka, Grzegorz | Fringe Hours | | | | | | | | 64.00 | | | | | 64.00 |
| | | Dues Hours | | | | | | | | 64.00 | | | | | 64.00 |
| | | Dues Wages | | | | | | | | 2,572.80 | | | | | 2,572.80 |
| | Gruszka, Grzegorz (Laborer-Disb. Payment) | Fringe Hours | | | | | | | 27.75 | | | | | | 27.75 |
| | | Dues Hours | | | | | | | 27.75 | | | | | | 27.75 |
| | | Dues Wages | | | | | | | 500.00 | | | | | | 500.00 |
| | John Reeves Data (Disb. Payment) | Fringe Hours | | | | | | | | | | 277.75 | | | 277.75 |
| | | Dues Hours | | | | | | | | | | 277.75 | | | 277.75 |
| | | Dues Wages | | | | | | | | | | 5,000.00 | | | 5,000.00 |
| | Linda for Aurora (Disb. Payment) | Fringe Hours | | | | | | | 139.00 | | | | | | 139.00 |
| | | Dues Hours | | | | | | | 139.00 | | | | | | 139.00 |
| | | Dues Wages | | | | | | | 2,500.00 | | | | | | 2,500.00 |
| | Sheeran, Ita (Disb. Payment) | Fringe Hours | | | | | | | | 166.75 | | 166.75 | | | 333.50 |
| | | Dues Hours | | | | | | | | 166.75 | | 166.75 | | | 333.50 |
| | | Dues Wages | | | | | | | | 3,000.00 | | 3,000.00 | | | 6,000.00 |
| | Transfer to account ending -9008 | Fringe Hours | | | | | | | 522.25 | | 389.00 | | | | 911.25 |
| | | Dues Hours | | | | | | | 522.25 | | 389.00 | | | | 911.25 |
| | | Dues Wages | | | | | | | | | | | | | |

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Fringe Hours | | - | - | - | - | - | - | 994.50 | 230.75 | 5,611.50 | 532.00 | - | - | 7,368.75 |
| Total Dues Hours | | - | - | - | - | - | - | 994.50 | 230.75 | 5,611.50 | 532.00 | - | - | 7,368.75 |
| Total Wages | | - | - | - | - | - | - | 3,000.00 | 5,572.80 | 30,000.00 | 9,575.00 | - | - | 48,147.80 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare (Active) | $9.98 | - | - | - | - | - | - | 9,925.11 | 2,302.89 | 56,002.77 | 5,309.36 | - | - | 73,540.13 |
| Welfare (Retiree) | $4.25 | - | - | - | - | - | - | 4,226.63 | 980.69 | 23,848.88 | 2,261.00 | - | - | 31,317.20 |
| Pension | $11.57 | - | - | - | - | - | - | 11,506.37 | 2,669.78 | 64,925.06 | 6,155.24 | - | - | 85,256.45 |
| Training | $0.50 | - | - | - | - | - | - | 497.25 | 115.38 | 2,805.75 | 266.00 | - | - | 3,684.38 |
| LECET | $0.07 | - | - | - | - | - | - | 69.62 | 16.15 | 392.81 | 37.24 | - | - | 515.82 |
| LDCLMCC | $0.17 | - | - | - | - | - | - | 169.07 | 39.23 | 953.96 | 90.44 | - | - | 1,252.70 |
| CAICA | $0.08 | - | - | - | - | - | - | 79.56 | 18.46 | 448.92 | 42.56 | - | - | 589.50 |
| Working Dues | 3.75% | - | - | - | - | - | - | 112.50 | 208.98 | 1,125.00 | 359.06 | - | - | 1,805.54 |
| SHEET TOTAL | | - | - | - | - | - | - | 26,586.11 | 6,351.56 | 150,503.15 | 14,520.90 | - | - | 197,961.72 |

6

## Laborers' District Council
### Schedule of Deficiencies

Employer Name: Camden Services, LLC
Employer Number: 35392
Agreement Type: *CAICA

Audit Period: June 24, 2016 - June 30, 2017
Date of Audit: August 2, 2017
Field Auditor: Eric Trout

| SSN | Name | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | **2016** | | | | | | **2017** | | | |
| | Valdez, Abel (Disb. Payment) | Fringe Hours | | | | | | | 27.75 | | | | | | 27.75 |
| | | Dues Hours | | | | | | | 27.75 | | | | | | 27.75 |
| | | Dues Wages | | | | | | | 500.00 | | | | | | 500.00 |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Fringe Hours | | - | - | - | - | - | - | 27.75 | - | - | - | - | - | 27.75 |
| Total Dues Hours | | - | - | - | - | - | - | 27.75 | - | - | - | - | - | 27.75 |
| Total Wages | | - | - | - | - | - | - | 500.00 | - | - | - | - | - | 500.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare (Active) | $9.98 | | | | | | | 276.95 | | | | | | 276.95 |
| Welfare (Retiree) | $4.25 | | | | | | | 117.94 | | | | | | 117.94 |
| Pension | $11.57 | | | | | | | 321.07 | | | | | | 321.07 |
| Training | $0.50 | | | | | | | 13.88 | | | | | | 13.88 |
| LECET | $0.07 | | | | | | | 1.94 | | | | | | 1.94 |
| LDCLMCC | $0.17 | | | | | | | 4.72 | | | | | | 4.72 |
| CAICA | $0.08 | | | | | | | 2.22 | | | | | | 2.22 |
| Working Dues | 3.75% | | | | | | | 18.75 | | | | | | 18.75 |
| SHEET TOTAL | | | | | | | | 757.47 | | | | | | 757.47 |

# Laborers' District Council
## Schedule of Deficiencies

Employer Name: Camden Services, LLC
Employer Number: 35392
Agreement Type: *CAICA

Audit Period: June 24, 2016 - June 30, 2017
Date of Audit: August 2, 2017
Field Auditor: Eric Trout

| SSN | Name | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|-----|------|---|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| | | | | | | 2017 | | | | Jan | Feb | 2018 Mar | Apr | May | |
| | Garcia, Carlos | Fringe Hours | 40.00 | - | - | - | - | - | - | - | - | - | - | | 40.00 |
| | | Dues Hours | 40.00 | - | - | - | - | - | - | - | - | - | - | | 40.00 |
| | | Dues Wages | 1,400.00 | - | - | - | - | - | - | - | - | - | - | | 1,400.00 |
| | | Fringe Hours | | | | | | | | | | | | | - |
| | | Dues Hours | | | | | | | | | | | | | - |
| | | Dues Wages | | | | | | | | | | | | | - |
| | | Total Fringe Hours | 40.00 | - | - | - | - | - | - | - | - | - | - | - | 40.00 |
| | | Total Dues Hours | 40.00 | - | - | - | - | - | - | - | - | - | - | - | 40.00 |
| | | Total Wages | 1,400.00 | - | - | - | - | - | - | - | - | - | - | - | 1,400.00 |

| | | | Total |
|---|---|---|-------|
| Welfare (Active) | $10.15 | | 406.00 |
| Welfare (Retiree) | $4.50 | | 180.00 |
| Pension | $12.32 | | 492.80 |
| Training | $0.50 | | 20.00 |
| LECET | $0.07 | | 2.80 |
| LDCLMCC | $0.17 | | 6.80 |
| CAICA | $0.08 | | 3.20 |
| Working Dues | 3.75% | | 52.50 |
| SHEET TOTAL | | | 1,164.10 |

8

# Laborers' District Council
## Monthly Summary of Discrepancies by Fund

Employer Name: Camden Services, LLC
Employer Number: 35392
Agreement Type: *CAICA

Audit Period: June 24, 2016 - June 30, 2017
Date of Audit: August 2, 2017
Field Auditor: Eric Trout

| | | 2016 | | | | | | | 2017 | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| Total Fringe Hours | - | - | - | - | - | - | 1,022.25 | 230.75 | 5,611.50 | 532.00 | - | - | 7,396.50 |
| Total Dues Hours | - | - | - | - | - | - | 1,022.25 | 230.75 | 5,611.50 | 532.00 | - | - | 7,396.50 |
| Total Wages | - | - | - | - | - | - | 3,500.00 | 5,572.80 | 30,000.00 | 9,575.00 | - | - | 48,647.80 |

| | | | 2016 | | | | | | 2017 | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| Welfare (Active) | $9.98 | - | - | - | - | - | - | 10,202.06 | 2,302.89 | 56,002.77 | 5,309.36 | - | - | 73,817.08 |
| Welfare (Retiree) | $4.25 | - | - | - | - | - | - | 4,344.57 | 980.69 | 23,848.88 | 2,261.00 | - | - | 31,435.14 |
| Pension | $11.57 | - | - | - | - | - | - | 11,827.44 | 2,669.78 | 64,925.06 | 6,155.24 | - | - | 85,577.52 |
| Training | $0.50 | - | - | - | - | - | - | 511.13 | 115.38 | 2,805.75 | 266.00 | - | - | 3,698.26 |
| LECET | $0.07 | - | - | - | - | - | - | 71.56 | 16.15 | 392.81 | 37.24 | - | - | 517.76 |
| LDCLMCC | $0.17 | - | - | - | - | - | - | 173.79 | 39.23 | 953.96 | 90.44 | - | - | 1,257.42 |
| CAICA | $0.08 | - | - | - | - | - | - | 81.78 | 18.46 | 448.92 | 42.56 | - | - | 591.72 |
| Working Dues | 3.75% | - | - | - | - | - | - | 131.25 | 208.98 | 1,125.00 | 359.06 | - | - | 1,824.29 |
| TOTALS | | - | - | - | - | - | - | 27,343.58 | 6,351.56 | 150,503.15 | 14,520.90 | - | - | 198,719.19 |

| | | 2017 | | | | | | | 2018 | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| Total Fringe Hours | 40.00 | - | - | - | - | - | - | - | - | - | - | - | 40.00 |
| Total Dues Hours | 40.00 | - | - | - | - | - | - | - | - | - | - | - | 40.00 |
| Total Wages | 1,400.00 | - | - | - | - | - | - | - | - | - | - | - | 1,400.00 |

| | | | 2017 | | | | | | 2018 | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| Welfare (Active) | $10.15 | 406.00 | - | - | - | - | - | - | - | - | - | - | - | 406.00 |
| Welfare (Retiree) | $4.50 | 180.00 | - | - | - | - | - | - | - | - | - | - | - | 180.00 |
| Pension | $12.32 | 492.80 | - | - | - | - | - | - | - | - | - | - | - | 492.80 |
| Training | $0.50 | 20.00 | - | - | - | - | - | - | - | - | - | - | - | 20.00 |
| LECET | $0.07 | 2.80 | - | - | - | - | - | - | - | - | - | - | - | 2.80 |
| LDCLMCC | $0.17 | 6.80 | - | - | - | - | - | - | - | - | - | - | - | 6.80 |
| CAICA | $0.08 | 3.20 | - | - | - | - | - | - | - | - | - | - | - | 3.20 |
| Working Dues | 3.75% | 52.50 | - | - | - | - | - | - | - | - | - | - | - | 52.50 |
| TOTALS | | 1,164.10 | - | - | - | - | - | - | - | - | - | - | - | 1,164.10 |

9

Legacy Professionals LLP
Payroll Audit Information Sheet

I, _Ita Sheeran_, declare and state as follows:

I am an Officer and/or Shareholder of _Camden Services LLC_

(hereinafter, the "Company") and I am duly authorized to make the representations and enter into the
agreements set forth herein on behalf of the Company.

Company Name: _Camden Services, LLC_

Entity Type: _Corporation_

Business Activity : _Construction - Sewer + Water_

Ownership-Principals    Title    %

_Ita Sheeran          100% Shareholder - Member_

Banking Facilities Used and Account Number:

Do any of the Company's Owners shareholders or officers have a shareholder or officer position in
another company or entity? Yes_____ No___✓___

If Yes, List Names of Other companies or entities: _NA_

Has the Company employed any subcontractors owned or operated by any Officer, Shareholder, or
family members of the Company's Officers and/or Shareholders? Yes_____ No___✓___

If Yes, List Names of the subcontractors and the related Owners/Operators: _NA_

Has the Company subcontracted work covered by the Laborers' collective bargaining agreement to any subcontractors that are not signatory with the Chicago Laborers' Union?

Yes_____ No_____✓_____

If Yes, List Names of the subcontractors:

_____nA_____

_____

_____

_____

I, the undersigned, certify under penalty of perjury that the foregoing is true and correct.

X _____, as Officer and/or Shareholder of

Camden Services LLC_____

Dated:_____7-31-17_____